IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Edward Gomeringer,  )<br>  )<br>                    Plaintiff,  )<br>  )<br>        vs.  )<br>  )<br>John Pack,  )<br>  )<br>  )<br>                    Defendant.  )<br>  ) | Civil Action No. 6:15-1048-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This is a civil action apparently brought under the Fair Credit Reporting Act (FCRA) by a *pro se* litigant. See 15 U.S.C. § 1681.

The sole issue in this Report and Recommendation is whether the plaintiff should be required to pay the filing fee or whether his financial condition justifies the waiver of the payment. All pretrial proceedings in this matter have been referred to the undersigned pursuant to Local Civ. Rule 73.02(B)(2)(a) (D.S.C.). The United States Court of Appeals for the Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999). The Court of Appeals, however, did not specify the standard of review. *Id.* For the reasons that follow, the undersigned recommends denying the plaintiff's request for indigent status.

The plaintiff has submitted a "short-form" motion for leave to proceed *in forma pauperis* (Form AO 240) (doc. 3). The Form AO 240 reveals that the plaintiff is self-employed and also receives income of $1,860 per month from three rental properties (*id.*

at 1). The plaintiff also has a stump-grinding business, but has not received income from that business during the past three and one-half months (*id*.). In addition to the three income-producing properties, the plaintiff owns his residence and one property that is not currently producing income (*id*. at 2). The plaintiff has monthly expenses of approximately $2525 (*id*.). The plaintiff's debts total $55,400 (*id*.). The plaintiff also owns a 2012 Mercedes motor vehicle, two old vehicles (one a recreational vehicle), and $135 in stock (*id*.).

A litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). One district court, however, has commented that it is sometimes difficult to decide § 1915 applications: "[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all the relevant facts and circumstances involved in each particular situation." *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976), which is cited in *Collier v. Colvin*, Civil Action No. 2:13-3323-DCN-BHH, 2014 WL 468946, at *2 (D.S.C. Feb. 5, 2014).

In *Carter v. Telectron, Inc.*, the district court, citing *Adkins v. E.I. Du Pont* and other cases, set forth a three-part list of discretionary factors to be evaluated under 28 U.S.C. § 1915(a):

> (1) Is the litigant barred from the federal courts by the reason of his or her "impecunity?"
>
> (2) Is his or her "access to the courts blocked by the imposition of an undue hardship?"
>
> (3) Is the litigant forced to contribute his or her "last dollar," or render himself or herself "destitute" to prosecute his or her claim?

*Carter*, 452 F. Supp. at 943; *see also Abbot v. Comm'r of Soc. Sec.,* Civil Action No. 4:10-2253-JFA-TER, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010); and *Schoenfeld v. Donaghue*, Civil Action No. 4:07-617-RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007).

Upon review of the information in the Form AO 240, it does not appear that the plaintiff would be rendered destitute by paying the filing fee of $400 (the $350 filing fee plus the $50 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block his access to the courts. Hence, the plaintiff must "confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?" *Carter*, 452 F. Supp. at 944.

Accordingly, it is recommended that the district court deny the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 3). If this recommendation is accepted by the district court, it is also recommended that the district court give the plaintiff thirty-one days to pay the $400 fee ($350 filing fee plus $50 administrative fee). *See Collier*, 2014 WL 468946, at *1.

s/ Kevin F. McDonald
United States Magistrate Judge

March 5, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is hereby advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).