IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Edward Gomeringer, ) | |
| ) | Civil Action No. 6:15-1048-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| John Pack, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  This matter is before the court on the defendant's motion to dismiss the plaintiff's complaint for failure to state a claim (doc. 26). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

  The plaintiff, who is proceeding *pro se*, filed a complaint on March 4, 2015, alleging, "John Pack owner of Magnolia Property Management using his agent Resident Research did with out any proper authorization, permission on my part and/or legitimate reason 'pull' my credit report on or about 12/30/14" (doc. 1 at 3). The plaintiff alleges that "[t]his is part of long running litigation 'battle' where [the defendant] has repeatedly lied, perjured, and slandered me" (*id.*). As relief, the plaintiff states he "want[s] justice that I can't get in the magistrate's court" (*id.* at 5). The plaintiff states that "these magistrates aren't very bright. 'Wasn't a preponderance of evidence to show he violated his contract.' It's being appealed." He asks that the defendant be "found guilty of what he did, 1K fine, and as huge a punitive damage amount as [the court] feel[s] is fair" (*id.*). The plaintiff states that he "fired" the defendant "after he put inferior tenants in a property. [The defendant] responded by trying to extort money from me, then taking it (money) from the security deposit, claiming it was for expenses, then later in court that it was for an inspection" (*id.*

at 3). The plaintiff claims the defendant "lashed out" at him by pulling his credit report because the plaintiff wrote a bad review of the defendant on a website (*id.* at 3-4).

On May 7, 2015, the defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 26). By order filed on that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff thereafter contacted the Clerk of Court to state that he had received the *Roseboro* order, but he had not been served with the motion to dismiss. Defense counsel was directed to file a certificate of service, which was done on May 22, 2015, showing that the defendant placed a copy of the motion and attachments in the mail to the plaintiff on that date (doc. 31). The plaintiff sought an extension of time to respond to the motion to dismiss based on the defendant's failure to serve him with the motion when it was filed. An extension was granted (doc. 34), and the plaintiff timely served his response in opposition (doc.36) on July 6, 2015.

In support of his motion to dismiss, the defendant attached as exhibits the following documents: the summons, complaint, answer, and docket in the magistrate's court case between the parties (doc. 26-2) and a copy of the negative review posted by the plaintiff on the website referenced in the complaint (doc. 26-3). In support of his response to the motion to dismiss, the plaintiff "enclosed . . . some copies of evidence that puts to rest the question of whether or not [the defendant] had my credit report 'pulled'" (doc. 36-1 at 1). The documents consist of a letter to the plaintiff from Resident Research, which the plaintiff referenced in his complaint as the defendant's "agent" that provided the credit report at issue, and a copy of the background screening report on the plaintiff that was provided to the defendant (*id.* at 2-3). The letter states that, on December 30, 2015[1], the defendant "ordered the basic package of credit, criminal and eviction report" on the plaintiff (*id.*). As a result of a dispute filed by the plaintiff, the letter states that Resident Research

---

[1]The date is obviously a typographical error.

2

investigated and found that the defendant "violated the terms of the end user agreement that he signed to obtain" the services of Resident Research. Accordingly, Resident Research notified TransUnion, which was the credit bureau it used, of the violation, and Resident Research deactivated the defendant's account (*id.*).

If the court considers matters outside the pleadings on a Rule 12(b)(6) motion to dismiss, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). However, a court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc*., 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc*., 190 F.3d 609, 618 (4th Cir.1999)); *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (stating that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed") (citing *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co* ., 267 F.3d 30, 33 (1st Cir. 2001)). The documents submitted by both parties are central to the plaintiff's claim and are referenced in the complaint. Neither party here had disputed the authenticity of the documents at issue. Accordingly, the undersigned finds that the documents submitted by both the plaintiff and the defendant are appropriate for consideration on this motion.

## **APPLICABLE LAW AND ANALYSIS**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *See Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012). Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss for failure to state a claim, the complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.*  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

Congress enacted the Fair Credit Reporting Act ("FCRA") to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, insurance, and other information in a manner that is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The FCRA allows access to a consumer's credit report only for specified permissible purposes. *Cappetta v. GS Servs. Ltd. P'ship*, 654 F.Supp.2d 453, 457 (E.D. Va. 2009). Under the FCRA, a credit reporting agency may provide a consumer's credit report:

> To a person which it has reason to believe - (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or (B) intends to use the information for employment purposes; or (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality . . . ; or (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks . . . ; or (F) otherwise has a legitimate business need for the information - (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account. . . .

4

15 U.S.C. § 1681b(a)(3). The statute mandates that "[a] person shall not use or obtain a consumer report for any purpose unless-(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified ... by a prospective user of the report through a general or specific certification." *Id.* § 1681b(f). The FCRA imposes civil liability on any "person," which includes any individual, corporation, or other entity, who willfully or negligently fails to "comply with any requirement imposed" under the FCRA. *See id.* §§ 1681a(b), 1681n, and 1681o. When a defendant acted willfully in violating the statute's requirements by obtaining a consumer report under false pretenses or knowingly without a permissible purpose, the FCRA permits a plaintiff to recover actual damages or statutory damages of $1,000, whichever is greater; punitive damages; and costs of the action. *Id.* § 1681n(a). When a defendant acted negligently, a plaintiff may recover actual damages and costs of the action. *Id*. at §1681o(a).

To state a claim for willful or negligent acquisition of a credit report in violation of the FCRA, "a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendant used or obtained it, (iii) the defendant did so without a permissible statutory purpose, and (iv) the defendant acted with the specified culpable mental state." *King v. Equable Ascent Fin., LLC*, 1:12–CV–443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) (quoting *Benzing v. Tharrington–Smith, LLP*, 5:10–CV–533–F, 2012 WL 169946, at *3 (E.D.N.C. Jan.19, 2012)).

As argued by the defendant, in the absence of negligent or willful misconduct, a plaintiff may not recover at all. *Singleton v. Domino's Pizza, LLC*, C.A. No. KKC 11-1823, 2012 WL 245965, at *4 (D. Md. Jan. 25, 2012) (citing *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 53 (2007)). "As a result, courts have routinely granted motions to dismiss where a plaintiff alleges neither that the defendant's negligence caused the plaintiff actual damages, nor that the defendant acted willfully." *Id.* (citing *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803-804 (7th Cir. 2010) (affirming dismissal where a complaint "alleged no actual injury" and failed to adequately allege that the defendant willfully violated the FCRA); *Ogbon v.*

*Beneficial Credit Servs., Inc.*, No. 10 CV 03760 (GBD), 2011 WL 347222, at *3 (S.D.N.Y. Feb. 1, 2011) (granting a motion to dismiss where the plaintiff "allege[d] no facts that, if true, would demonstrate that the FCRA was violated willfully or negligently")).

The defendant argues that the motion should be granted because the plaintiff's complaint is devoid of any factual allegations supporting a claim that the defendant acted with the specified culpable mental state. The undersigned agrees in part. "As noted above, the 'specified culpable mental state' may be satisfied by a willful, knowing, or negligent request." *Romanello v. Capital One Bank (USA), N.A.*, No. 5:14-cv-177-FL, 2014 WL 6666900, at *3 (E.D.N.C. Nov. 24, 2014) (citing 15 U.S.C. §§ 1681n, 1681o). The plaintiff does not state whether he is seeking damages for a willful violation under 15 U.S.C. § 1681n(a) or for a negligent violation under § 1681o(a). He does not allege any actual injury in his complaint. "When the violation is negligent, the plaintiff must include facts from which the court can infer actual damages." *Romanello*, 2014 WL 6666900, at *3 (citations omitted). Further, the plaintiff seeks only those damages available for willful violation of the FCRA (doc. 1 at 5 (seeking as relief "1K fine and as huge a punitive damage amount as you feel is fair")). Accordingly, to the extent the plaintiff has attempted to state a claim that the plaintiff negligently violated the FCRA, such claim should be dismissed.

A mere assertion of willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a). *See, e.g., Ogbon*, 2011 WL 347222, at *3 (dismissing a complaint asserting FCRA violations where the plaintiff alleged only that "Defendants acted willfully"); *Huggins v. SpaClinic, LLC*, No. 09 C 2677, 2010 WL 963924, at *2 (N.D.Ill. Mar. 11, 2010) (finding the plaintiff's allegation that the defendant "willfully disregarded the mandates of [the Fair and Accurate Credit Transactions Act]" insufficient to survive a motion to dismiss). Thus, to avoid dismissal, a plaintiff asserting that a defendant willfully failed to comply with the FCRA must set forth specific allegations to demonstrate willfulness. *Ogbon*, 2011 WL 347222, at *3. To state a claim for a willful violation, a plaintiff must allege sufficient facts so that the court can infer defendant "knowingly and intentionally committed [the violation]

. . . in conscious disregard for [his] rights." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 418 (4th Cir.2001) (internal quotations and citations omitted).

Here, the plaintiff has pleaded that the defendant obtained his credit report in an effort to get back at the plaintiff for writing a bad review of the defendant on a website (*see* doc. 1). Further, the later-attached documents described above allow the court to infer that the defendant obtained the report without a legitimate reason. Given the liberal construction given to pleadings drafted by *pro se* litigants, the undersigned "is constrained to find that the plaintiff has stated a claim for relief pursuant to 15 U.S.C. § 1681n(a)." *Benzing v. Tharrington-Smith, LLP*, No. 5:10-cv-533-F, 2012 WL 169946, at *6 (E.D.N.C. Jan. 19, 2012) (denying motion to dismiss FCRA willful violation claim where the plaintiff alleged the defendants obtained a consumer report on him under the pretense of a pre-employment screening when real purpose was to use it against him in litigation).

Based upon the foregoing, the plaintiff has failed to adequately plead a claim for a negligent violation of the FCRA, but he has pleaded sufficient facts to state a claim for a willful violation.

The defendant lastly argues that any state law claims alleged by the plaintiff as to the dispute between the parties regarding management of the plaintiff's rental property should be dismissed because the claims have been litigated in state court and the federal court does not have supplemental jurisdiction over such state law claims as they do not derive from the same common nucleus of operative facts as the FCRA claim (doc. 26-1 at 2). It does not appear to the undersigned that the plaintiff has attempted to bring any state law claims in his complaint, but instead merely provided information regarding the parties' history as background to the FCRA claim (*see* doc. 1). However, to the extent the plaintiff has attempted to bring any such state law claims, the undersigned agrees with the defendant that such claims should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 26) should be granted as to the negligent violation of the FCRA claim and denied as to the willful violation of the FCRA claim.

IT IS SO RECOMMENDED.

August 12, 2015                                         s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).